Brockenbrough, J.
In the case of Glasscock’s adm’x v. Dawson, the execution issued, for the greater part, against the goods and chattels of the decedent, in the hands of the administratrix to be administered; and for the residue, against the proper goods and chattels of the defendant. The condition of the forthcoming bond recited that the execution issued, for the whole sum, against the goods and chattels of the defendant administratrix of the decedent. If we consider, with the majority of the court in that case, that the appendage to the name of the defendant was a mere descripiio persona, there was a clear variance; for the execution did not issue against the goods of the defendant, at least not for the whole sum for which the judgment was rendered.
*310 The case before us is different. The execution here was, it is true, in the alternative : it was for the whole sum against the goods and chattels of John Woods in the hands of Samuel Hairston senior to be administered, if so much thereof he had, but if not, then the same was to be made out of the proper goods of the said Samuel Hairston senior. The return on the execution shews that the first part of the mandate could not be complied with, because there were no goods of John Woods in Hairston’s hands to be administered; the second part, therefore, of the mandate was obeyed in levying on the proper goods of the defendant. The condition of the forthcoming bond reciting that the fieri facias had issued against the goods and chattels of Samuel Hairston senior, administrator of John Woods, was strictly true, in the event which had taken place, to wit, that of there being no goods of John Woods in his hands; and it was unnecessary to encumber the condition with a recital of that fact. I am of opinion that there is no substantial variance between the execution and the bond, and that the order awarding execution on the bond should be affirmed.
Tucker, P.
I deem the variance in this case between the forthcoming bond and the execution not material. The names of the parties, the character in which the defendant was proceeded against, the amount decreed and the date of the execution are all right. The circuit court, therefore, was enabled to see, upon the face of the bond, enough to direct its judgment upon it; which was, of course, that the plaintiff’s demand should be levied of the proper goods and chattels of the parties to the bond.
The case is not like Glasscock’s adm’x v. Dawson. There the administratrix was to be liable, in the event of there being no assets, for the damages and costs only; yet her own proper goods were seized for the *311 whole debt. The bond was therefore properly quashed. Here, as there were no goods of the decedent, the defendant was liable for the whole. It was, therefore, unnecessary to preserve the distinction in the recital of the bond; nor was there any thing illegal in levying on his own proper goods for the whole, since the court would intend, even if it did not appear by the return, that the officer could find no goods of the intestate on which to levy.
I am of opinion that the order of the circuit court awarding execution on the forthcoming bond be affirmed.